SAFEWAY INC.
THEODORE K. BELL #184289
E-mail: tad.bell@safeway.com
STEPHEN Q. ROWELL #098228
E-mail: stephen.rowell@safeway.com
5918 Stoneridge Mall Road
Pleasanton, CA  94588-3229
Telephone:   (925) 467-2422
Facsimile:    (925) 467-3214

Attorneys for Defendant
SAFEWAY INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONI M. PAREDERO,<br><br>               Plaintiff,<br><br>vs.<br><br>SAFEWAY, INC., and DOES ONE THROUGH TWENTY, inclusive,<br><br>               Defendants. | No. 2:11-CV-03035 JAM-CKD<br><br>**ANSWER TO COMPLAINT** |

Defendant <u>SAFEWAY INC.</u> ("Safeway") answers Plaintiff's Complaint as follows:

## COMMON ALLEGATIONS

1.  In answer to the allegations contained in Paragraph 1, Safeway admits that Plaintiff was formerly a Safeway employee. Safeway lacks information sufficient to admit or deny the allegation that Plaintiff is a resident of Sacramento, and on that basis denies the

allegation. The remaining allegations in Paragraph 1 state legal conclusions and do not present a material allegation requiring a response.

2. Paragraphs 2 and 3 state legal conclusions and do not present a material allegation requiring a response.

3. Safeway lacks information sufficient to admit or deny the allegations contained in Paragraph 4, and on that basis denies the allegations.

## FIRST CAUSE OF ACTION
(Labor Code section 132a)

4. In answer to the allegations contained in Paragraph 5, Safeway incorporates its answers to Paragraphs 1 through 4, inclusive.

5. Safeway denies the allegations contained in Paragraph 6, and specifically denies that Safeway or any Safeway employee subjected Plaintiff to any harassment or inequitable treatment, and specifically denies that Plaintiff's termination was wrongful or unlawful in any way.

6. The allegations contained in Paragraph 7 state a legal conclusion and do not present a material allegation requiring a response.

## SECOND CAUSE OF ACTION
(Discrimination)

7. In answer to the allegations contained in Paragraph 8, Safeway incorporates its answers to Paragraphs 1 through 7, inclusive.

8.   Safeway denies the allegations contained in Paragraph 9, and specifically denies that Safeway or any Safeway employee subjected Plaintiff to any harassment or inequitable treatment, and specifically denies that Plaintiff's termination was wrongful or unlawful in any way.

9.   The allegations contained in Paragraph 10 state a legal conclusion and do not present a material allegation requiring a response.

### THIRD CAUSE OF ACTION
(Defamation)

10.   In answer to the allegations contained in Paragraph 11, Safeway incorporates its answers to Paragraphs 1 through 10, inclusive.

11.   Safeway denies the allegations contained in Paragraph 12, and specifically denies that Safeway or any Safeway employee engaged in conduct that would constitute defamation, libel or slander of Plaintiff.

12.   The allegations contained in Paragraph 13 state a legal conclusion and do not present a material allegation requiring a response.

### FOURTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress)

13.   In answer to the allegations contained in Paragraph 14, Safeway incorporates its answers to Paragraphs 1 through 13, inclusive.

14.   To the extent that Paragraph 15 purports to contain any allegation of alleged material fact, Safeway denies such allegation,

and specifically denies that Safeway or any Safeway employee engaged in any conduct that was wrongful or unlawful.

15. The allegations contained in Paragraph 16 state a legal conclusion and do not present a material allegation requiring a response.

### FIFTH CAUSE OF ACTION
(Violation of Contract)

16. In answer to the allegations contained in Paragraph 17, Safeway incorporates its answers to Paragraphs 1 through 16, inclusive.

17. Safeway denies the allegations contained in Paragraph 18, and specifically denies that Safeway or any Safeway employee violated the terms of the Collective Bargaining Agreement that controlled the terms of Plaintiff's employment, or violated any other "contractual and/or statutory provisions" of Plaintiff's employment. Safeway further denies that there were any explicit or implicit assurance of continued employment.

18. The allegations contained in Paragraph 19 state a legal conclusion and do not present a material allegation requiring a response.

### SIXTH CAUSE OF ACTION
(Violation of Constitutional and Civil Rights)

19. In answer to the allegations contained in Paragraph 20, Safeway incorporates its answers to Paragraphs 1 through 18, inclusive.

20. Safeway denies the allegations contained in Paragraph 21, and specifically denies that Safeway or any Safeway employee

engaged in any wrongful or lawful conduct, or "violated a course of reasonable conduct." Safeway further denies that Plaintiff's "longevity" or salary played any role in the decision to terminate Plaintiff for violating Safeway policy.

21. The allegations contained in Paragraph 22 state a legal conclusion and do not present a material allegation requiring a response.

## AFFIRMATIVE DEFENSES AND PRAYER FOR RELIEF

22. In response to the demands in Plaintiff's prayer for relief, Safeway denies that Plaintiff is entitled to any form of relief.

## RIGHT TO ASSERT ADDITIONAL DEFENSES

Because the Complaint is couched in conclusory terms, Safeway cannot fully anticipate all defenses that may be applicable to the alleged causes of action. Safeway hereby reserves the right to assert additional defenses, if and to the extent that such defenses are applicable.

## FIRST AFFIRMATIVE DEFENSE
(Failure To State A Cause Of Action)

The Complaint and each cause of action contained therein fails to state facts sufficient to constitute a cause of action against Safeway.

## SECOND AFFIRMATIVE DEFENSE
(Statute Of Limitations)

The allegations of the Complaint and every cause of action contained therein are barred by the applicable statutes of limitations including, but not limited to the provisions of sections 335.1, 337, 338, 339, 340, and 343 of the California Code of Civil Procedure and sections 12960(d) and 12965(b) of the California Government Code.

## THIRD AFFIRMATIVE DEFENSE

### (Frivolous Complaint)

Plaintiff's complaint is frivolous, and Plaintiff filed it without any good faith basis or reasonable cause or belief that a justifiable controversy existed under the facts or law. Plaintiff should therefore be responsible for all reasonable defense costs and expenses, including attorney fees, under California Civil Code section 128.5, California Code of Civil Procedure section 1038, 28 U.S.C. § 1927, Rule 11 of the Federal Rules of Civil Procedure, and/or other applicable California or federal law.

## FOURTH AFFIRMATIVE DEFENSE

### (Failure To Exhaust Administrative Remedies)

The Complaint, and each purported cause of action therein, is barred, in whole or in part, by Plaintiff's failure to exhaust administrative remedies under the Fair Employment and Housing Act, California Government Code section 12940 et seq.

## FIFTH AFFIRMATIVE DEFENSE

### (Allegations Outside Of DFEH Charge)

The Complaint's factual allegations, causes of action, and/or claims are barred to the extent they are not stated in Plaintiff's claim filed with the California Department of Fair Employment and Housing.

## SIXTH AFFIRMATIVE DEFENSE

### (Failure To Exhaust Internal Remedies)

Any recovery on the Complaint, or any purported cause of action therein, is barred and/or recovery is precluded because Plaintiff unreasonably failed to take advantage of the available and known preventative or corrective opportunities available through Safeway.

## SEVENTH AFFIRMATIVE DEFENSE
### (Respondeat Superior)

The allegations of the Complaint and every cause of action contained therein are barred, to the extent to the extent that Plaintiff claims that Safeway is vicarious liable for the acts of individuals because Safeway did not aid or abet such actions by giving substantive assistance or encouragement to any employee or managing agent.

## EIGHTH AFFIRMATIVE DEFENSE
### (Safeway Was Given No Notice Of Alleged Conduct)

Any recovery by Plaintiff is barred because Defendant did not receive notice from Plaintiff that any employee or managing agent of Defendant had allegedly engaged in any harassing or retaliatory conduct against Plaintiff.

## NINTH AFFIRMATIVE DEFENSE
### (No Ratification)

The Complaint, and each and every purported claim set forth therein, is barred because Defendant was unaware of the conduct alleged in Plaintiff's Complaint and has not ratified, condoned or adopted any such alleged unlawful conduct.

## TENTH AFFIRMATIVE DEFENSE
### (Safeway Exercised Reasonable Care)

Without admitting the allegations of the Complaint, Defendant alleges that Plaintiff's claims for discrimination, harassment and/or retaliation are barred and/or any recovery is precluded because Defendant exercised reasonable care to prevent, and to promptly correct, any alleged unlawful behavior.

ELEVENTH AFFIRMATIVE DEFENSE

(Safeway Enforced Reasonable Employment Policies)

The Complaint, and each and every purported claim set forth therein, is barred because Defendant Safeway enforced reasonable employment and disciplinary policies and practices.

TWELFTH AFFIRMATIVE DEFENSE

(After Acquired Evidence)

Defendants are informed and believe and on this basis allege that Plaintiff engaged in misconduct during her employment which, if known to Safeway, would have constituted reasonable and justifiable grounds for termination, and would therefore bar Plaintiff from recovering damages by way of the Complaint.

THIRTEENTH AFFIRMATIVE DEFENSE

(Willful Breach Of Duty)

Any damages suffered by Plaintiff were the sole and proximate result of Plaintiff's willful breach of duty in the course of her employment, and/or her neglect of her duty or continued incapacity to perform it, and/or other breaches of her obligations as employee under the California Labor Code, and Safeway is therefore exonerated from any liability to Plaintiff.

FOURTEENTH AFFIRMATIVE DEFENSE

(Failure To Mitigate)

The Complaint, and each and every purported claim set forth therein, is barred because Plaintiff failed to mitigate her damages, if any.

## FIFTEENTH AFFIRMATIVE DEFENSE

(Damages Limitation)

Plaintiff is not entitled to general or economic damages because of her pre-existing injuries/condition and to the extent Plaintiff received any monies from any source for the time period after her discharge, including workers' compensation and social security benefits, Defendant is entitled to an off-set and/or apportionment of such damages.

## SIXTEENTH AFFIRMATIVE DEFENSE

(No Basis For Punitive Damages)

Plaintiff's Complaint, and each purported cause of action alleged therein, fails to state facts sufficient to entitle Plaintiff to an award of punitive damages in any amount whatsoever, or at all.

## SEVENTEENTH AFFIRMATIVE DEFENSE

(No Basis For Punitive Damages)

Plaintiff's claim for exemplary and punitive damages is barred because Plaintiff has failed to raise sufficient allegations of malice, oppression or fraud and has failed to raise sufficient allegations to comply with the requirements of California Civil Code section 3294.

## EIGHTEENTH AFFIRMATIVE DEFENSE

(No Basis For Punitive Damages)

Defendant asserts that no officer, director or managing agent of Safeway acted with any malice, fraud or oppression with respect to Plaintiff and accordingly, no bases exists either in law or in equity for the awarding of punitive damages. Further, no officer, director or managing agent of Defendant acted either with any advance knowledge as to the unfitness of any employee who allegedly engaged

in acts of misconduct or in conscious disregard of the rights and safety of other employees. Finally, no officer, director or managing agent of Defendant authorized or ratified the alleged acts of misconduct, as required for the imposition of punitive damages under California Civil Code section 3294(b).

### NINETEENTH AFFIRMATIVE DEFENSE
(No Basis For Punitive Damages)

Plaintiff's claim for exemplary and punitive damages is barred because recovery of punitive damages against Defendant is unconstitutional under the Excessive Fines clause of the Eighth Amendment, the Due Process clauses of the Fifth Amendment and §1 of the Fourteenth Amendment, the Self-Incrimination clause of the Fifth Amendment, and other provisions of the United States Constitution; and the Excessive Fines clause of § 17 of Article I, the Due Process clause of § 7 of Article I, the Self-Incrimination clause of § 15 of Article I, and other provisions of the California Constitution.

### TWENTIETH AFFIRMATIVE DEFENSE
(No Basis For Statutory Damages Or Attorneys' Fees)

The Complaint, and each purported cause of action alleged therein, fails to state facts which would support an award of statutory damages and/or attorneys' fees.

### TWENTY FIRST AFFIRMATIVE DEFENSE
(No Front Pay)

Defendant did not engage in any conduct warranting recovery by the Plaintiff of front pay, back pay, compensatory or punitive damages, attorney's fees, costs or any other form of relief whatsoever, in law or equity.

## TWENTY SECOND AFFIRMATIVE DEFENSE
### (Set Off)

Defendant is entitled to an off-set for any monies received by Plaintiff from any source as compensation for alleged economic damages under the doctrines of off-set and double recovery set forth under Witt v. Jackson, 57 Cal. 2d 57 (1961) and its progeny.

## TWENTY THIRD AFFIRMATIVE DEFENSE
### (Intentional Torts)

The Complaint, and each and every purported claim set forth therein purporting to allege intentional conduct, is barred because the pleading is vague and uncertain and fails to demonstrate the specificity required for pleading of intentional torts.

## TWENTY FOURTH AFFIRMATIVE DEFENSE
### (Intentional Infliction Of Emotional Distress)

The cause of action for intentional infliction of emotional distress is barred because Safeway did not engage in "extreme" and/or "outrageous" conduct.

## TWENTY FIFTH AFFIRMATIVE DEFENSE
### (Intentional Infliction Of Emotional Distress)

The cause of action for intentional infliction of emotional distress is barred because Plaintiff did not suffer "severe" emotional distress as a result of any conduct by Safeway or conduct for which Safeway is liable.

## TWENTY SIXTH AFFIRMATIVE DEFENSE
### (Defamation: Qualified Privilege)

Pursuant to Civil Code section 47(c), the cause of action for defamation is barred because the disputed statements are privileged,

- 11 -

1  since if made, said statements were made without malice, in the
2  reasonable belief in the truth of the statements to one who had a
3  legitimate interest therein.
4  <u>TWENTY SEVENTH AFFIRMATIVE DEFENSE</u>
5  (Defamation: Privilege, Justification And Good Faith)
6  The cause of action for defamation is barred because
7  Defendants' alleged actions and the statement attributed to Defendants
8  are privileged and justified, and/or any conduct of which Plaintiff
9  complains or which is attributed to Defendants was a just and proper
10  exercise of management discretion, undertaken for lawful, fair and
11  honest reasons, and in good faith.
12  <u>TWENTY EIGHTH AFFIRMATIVE DEFENSE</u>
13  (Defamation: Statements Not Slander Per Se)
14  The cause of action for defamation is barred because the
15  statements alleged in the Complaint would not tend to directly to injure
16  Plaintiff in respect to her profession, trade or business, either by
17  imputing to Plaintiff general disqualification in those respects which her
18  occupation peculiarly requires or by imputing something with reference
19  to her profession, trade or business that has a natural tendency to
20  lessen its profits.
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28

## TWENTY NINTH AFFIRMATIVE DEFENSE

(Defamation: Truth And Lack Of Falsity)

The cause of action for defamation is barred by the affirmative defense of truth and lack of falsity.

Dated: November 22, 2011     SAFEWAY INC.

By: _____
THEODORE K. BELL
Attorneys for Defendant
Safeway Inc.

1
2
3
4
5
6
7
8
9
10
11
12
13
14        **VERIFICATION TO FOLLOW**
15
16
17
18
19
20
21
22
23
24
25
26
27
28

---
VERIFICATION

1   Docket No. 2:11-CV-03035-JAM-CKD
2   <u>PROOF OF SERVICE</u>

3   I am a citizen of the United States and a resident of the
4   State of California. I am over the age of eighteen years, and
5   not a party to the within action. I am employed in the office
6
7   of a member of the bar of this Court, at whose direction the
8   service was made. My business address is 5918 Stoneridge
9   Mall Road, Pleasanton, California 94588. On the date set
10  forth below I served:

11  **ANSWER TO COMPLAINT**
12

13  __X__ (BY MAIL) I caused each envelope, with postage
       thereon fully prepaid, to be placed in the United
14     States mail at Pleasanton, California. I am readily
       familiar with the practice of Safeway Inc. for
15     collection and processing of correspondence for
       mailing, said practice being that in the ordinary
16     course of business, mail is deposited in the United
       States Postal Service the same day as it is placed
17     for collection.

18  ___ (BY PERSONAL SERVICE) I delivered to an
       authorized courier or driver authorized by
19     _____ to receive documents to be
       delivered on the same date. A proof of service
20     signed by the authorized courier will be filed
       forthwith.
21
    ___ (BY FEDERAL EXPRESS) I am readily familiar
22     with the practice of Safeway Inc. for collection and
       processing of correspondence for overnight
23     delivery and know that the document(s) described
       herein will be deposited in a box or other facility
24     regularly maintained by Federal Express for
       overnight delivery.
25
    ___ (BY FACSIMILE) The above-referenced document
26     was transmitted by facsimile transmission and the
       transmission was reported as complete and without
27     error to the numbers listed below.

28  ___ (FEDERAL) I declare that I am employed in the

- 1 -
PROOF OF SERVICE

office of a member of the bar of this court, at whose direction this service was made.

__X__  (STATE)  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Said document was served on the following:

> William J. Carlisle, Esq.
> Law Offices of William J. Carlisle
> P.O. Box 490
> Shingle Springs, CA 95682

Executed on this 22nd day of November 2011 at Pleasanton, California.

_/s/ Denise Passama_
Denise Passama